UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON LEVI HENDERSON,<br>　　　　Plaintiff,<br>　　v.<br>L.A.P.D., et al.,<br>　　　　Defendants. | Case No. 24-cv-04467-KAW<br><br>**ORDER OF TRANSFER** |

Plaintiff, who is currently incarcerated in Los Angeles County Jail, has sued several Los Angeles Police Department officers for excessive force during his arrest. When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same State, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

The acts complained of in this complaint occurred in Los Angeles County, which is in the Central District of California. Furthermore, all defendants are located in the Central District of California. Venue, therefore, properly lies in the Central District of California. *See* 28 U.S.C. § 1391(b).

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Central District of California.[1]

---

[1] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

1  The Clerk shall terminate any pending motions and transfer the case to the Central District
2  of California forthwith.
3  **IT IS SO ORDERED.**
4  Dated: July 26, 2024

KANDIS A. WESTMORE
United States Magistrate Judge